# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES CARLSEN,

    Plaintiff,

vs.

MARK DAVID LATUNSKI,

    Defendant.

Case No.:20-cv-11517
Hon.
Mag.

---

KIRSTINA R. MAGYARI (P82775)
JONATHAN R. MARKO (P72450)
Attorneys for Plaintiff
**Marko Law, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
(313) 777-7529 / F: (313) 771-5785
kirstie@markolaw.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

---

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

1

NOW COMES Plaintiff, James Carlsen, by and through his attorneys, MARKO LAW, PLLC, and for his Complaint against Defendant Mark David Latunski, states as follows:

## INTRODUCTION

The facts of this case are straight out of a horror movie. Plaintiff James Carlsen traveled from New York to Michigan for the purpose of engaging in consensual BDSM with Defendant Mark Latunski. What Mr. Carlsen did not expect is that during his stay, Defendant Latunski would end up chaining him down in his basement and holding him captive. After he thought Defendant Latunski had fallen asleep, Mr. Carlsen, terrified, cut himself loose using a butcher knife, and ran down the street in the middle of nowhere in order to call the police.

Defendant Latunski would later go on to commit the brutal and gruesome murder of 25-year-old Kevin Bacon, who was found strung from the ceiling with parts of his body consumed by Defendant Latunski.

## JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1332.

2. Venue is proper under 28 U.S.C. §1391(b) as the events and omissions giving rise to Plaintiffs' claims occurred in this District.

3. The amount in controversy herein exceeds this Court's jurisdictional requirement, exclusive of interest, costs, and attorney fees.

2

## PARTIES

4. Plaintiff James Carlsen resides in the county of Suffolk, State of New York.

5. By all information and belief, Defendant Mark David Latunski is a resident of the county of Shiawassee, State of Michigan, and is currently housed at the State of Michigan's Forensic Center in Saline, Michigan.

## FACTUAL ALLEGATIONS

6. Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

7. Plaintiff James Carlsen met Jamie Arnold on Facebook, who introduced Plaintiff to his husband, Defendant Mark David Latunski.

8. Defendant Latunski bought Plaintiff a ticket from New York to Michigan, to come visit Defendant at his home in Shiawassee County, Michigan, for the purpose of engaging in BDSM.

9. Plaintiff traveled to Michigan and Defendant picked Plaintiff up at a bus stop and drove Plaintiff to his house. Plaintiff was exhausted from traveling and fell asleep in the car. When Plaintiff arrived at Defendant's house, he was informed that Jamie Arnold had moved out.

10. After spending some time together, Defendant Latunski retrieved locks and chains and locked Plaintiff up in his basement by tying him down with leather

3

straps, stating that Plaintiff "wasn't going anywhere;" holding Plaintiff captive in his home.

11. Plaintiff, terrified, waited until Defendant Latunski went upstairs and had seemingly fallen asleep, then used a butcher's knife to cut himself out of the leather straps that Defendant used to tie him down.

12. Once Plaintiff escaped from the straps, he found his cell phone and Defendant Latunski's car keys and ran down the street and called 911.

13. Plaintiff did not know where he was and was in a panic. The police picked Plaintiff up and, after questioning, dropped Plaintiff off at a gas station.

14. Plaintiff made his way to the bus station and called Defendant Latunski, letting him know that he would be leaving his keys at the bus station counter. Defendant told Plaintiff that his ticket to go back to New York was not good for another week.

15. Plaintiff, who had no money and nowhere else to go, was forced to return to Defendant Latunski's house until Defendant Latunski would pay for his ticket, allowing him to leave.

16. As a direct and proximate result of the negligent and/or grossly negligent and/or intentional acts and/or omissions committed by Defendant, Plaintiff has suffered, and continues to suffer, injury and damages.

**COUNT I: NEGLIGENCE & GROSS NEGLIGENCE**

4

17. Plaintiff, by reference, incorporates the preceding paragraphs of his Complaint as though fully set forth herein.

18. Defendant owed a duty of care to Plaintiff.

19. Defendant breached the above duties in at least one or more of the following particulars, so far as it is presently known:

    a. Exposing Plaintiff to harm;

    b. Holding Plaintiff captive in Defendant's home;

    c. Using excessive and inappropriate force;

    d. All other acts of negligence learned through the course of discovery.

20. Defendant's actions were grossly negligent and undertaken in a reckless disregard for whether injury would result.

21. As a direct and proximate result of Defendant's negligence and/or gross negligence, Plaintiff suffered severe damages and will continue to suffer damages into the future

## CLAIM II - ASSAULT

22. Plaintiff, by reference, incorporates the preceding paragraphs of his Complaint as though fully set forth herein.

23. Defendant intended to cause, and did cause, harmful and offensive contact with Plaintiff and acted intentionally in that he intended to commit a battery

or should have been substantially certain that an assault or battery would result from conduct.

24. The acts of Defendant were despicable, willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages and other exemplary damages.

25. As a direct legal and proximate result of the assault on Plaintiff by the Defendant, Plaintiff suffered physical, mental and emotional harm and other injuries and damages.

## CLAIM III: BATTERY

26. Plaintiff, by reference, incorporates the preceding paragraphs of his Complaint as though fully set forth herein.

27. Defendant committed battery against Plaintiff by locking Plaintiff up and holding him captive in his basement.

28. As a direct legal and proximate result of the battery on Plaintiff by the Defendant, Plaintiff suffered physical, mental and emotional harm and other injuries and damages.

29. The acts of Defendant were despicable, willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages and other exemplary damages.

30. The conduct of Defendant was a substantial factor in causing Plaintiffs to suffer the injuries alleged above and Plaintiff is entitled to damages from a battery against him.

## CLAIM IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. Plaintiff, by reference, incorporates the preceding paragraphs of his Complaint as though fully set forth herein.

32. Defendant knowingly, intentionally, and willfully caused Plaintiff severe emotional distress when he locked Plaintiff up in his basement, held him captive and assaulted, battered, exploited, and degraded him.

33. This intentional and/or reckless conduct was extreme and outrageous.

34. Defendant knew or should have known that his actions would cause Plaintiff severe emotional distress.

35. Each of these acts were undertaken with intent to cause Plaintiff severe emotional distress and/or were undertaken recklessly without regard to whether they would cause Plaintiff severe emotional distress.

36. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained and continue to sustain injuries and damages, including but not limited to mental and emotional injuries.

## CLAIM V: FALSE IMPRISONMENT

7

37. Plaintiff, by reference, incorporates the preceding paragraphs of his Complaint as though fully set forth herein.

38. Defendant intentionally and unlawfully deprived Plaintiff of his freedom and liberties of movement by locking Plaintiff up in his basement and holding him captive, without justification or Plaintiff's consent.

39. Defendant was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff.

40. The conduct of Defendant was a substantial factor in causing Plaintiff to suffer injuries, including but not limited to mental and emotional injuries, all of which are ongoing, and resulting in damages as alleged herein.

## VI: DAMAGES

41. Plaintiff, by reference, incorporates the preceding paragraphs of his Complaint as though fully set forth herein.

42. Plaintiff has suffered the physical pain and suffering as well as mental anguish, fright and shock, denial of social pleasure and enjoyment and embarrassment, humiliation and mortification, all of which are serious, permanent and disabling, exemplary damages, and any other damages recognizable under the law.

WHEREFORE Plaintiffs respectfully requests this Honorable Court enter judgment on Plaintiffs' claims in a sum that the Court or jury find to be fair and just,

8

including attorney fees, costs, and exemplary damages.

                        Respectfully submitted,

                        */s/ Kirstina R. Magyari*
                        Kirstina R. Magyari (P82775)
                        Jonathan Marko (P72450)
                        Attorneys for Plaintiff
                        **Marko Law, PLLC**
                        1300 Broadway Street, Fifth Floor
                        Phone: (313) 777-7LAW
                        Fax: (313) 965-5556
                        kirstie@markolaw.com

Date: June 10, 2020

MARKO LAW
JM MARKO LAW
1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: (313) 771-5785
MARKOLAW.COM

9

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES CARLSEN,

    Plaintiff,

vs.

MARK DAVID LATUNSKI,

    Defendant.

Case No.
Hon.
Mag.

---

KIRSTINA R. MAGYARI (P82775)
JONATHAN R. MARKO (P72450)
Attorneys for Plaintiff
**Marko Law, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
(313) 777-7529 / F: (313) 771-5785
kirstie@markolaw.com

---

## JURY REQUEST

NOW COMES Plaintiff, James Carlsen, and hereby requests a trial by jury in the above-captioned matter.

    Respectfully submitted,

    */s/ Kirstina R. Magyari*
    Kirstina R. Magyari (P82775)
    Jonathan Marko (P72450)
    Attorneys for Plaintiff
    **Marko Law, PLLC**
    1300 Broadway Street, Fifth Floor

Phone: (313) 777-7LAW  
Fax: (313) 965-5556  
kirstie@markolaw.com

Date: June 10, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2020, I presented the foregoing paper to this Court's MiFile System which will send notification of such filing to the above listed attorneys of record.

*/s/ Marissa A. Williams*

MARKOLAW.COM
1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: (313) 771-5785
MARKO LAW

11